**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1111

JOHN P. WELDON, d/b/a Corporate Dynamics,

Plaintiff - Appellant,

versus

INNOVATIVE MANAGEMENT CONCEPTS, INCORPORATED,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Claude M. Hilton, Chief
District Judge. (CA-03-363-A)

Argued: September 29, 2004          Decided: October 29, 2004

Before WILKINS, Chief Judge, and NIEMEYER and SHEDD, Circuit
Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** James Stephen DelSordo, HALLORAN & SAGE, L.L.P.,
Washington, D.C., for Appellant.  Brian Paul Waagner, WICKWIRE
GAVIN, P.C., Vienna, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

John P. Weldon appeals a district court order granting summary judgment in favor of Innovative Management Concepts, Inc. (IMC) in this case arising from an agreement calling for cooperation in the pursuit of business opportunities with the United States government (the Agreement). We affirm.

I.

Weldon is a software developer, and IMC is engaged in the business of providing services to the United States government. Under the Agreement, Weldon and IMC planned to work together to identify possible government customers and respond to their requests for proposals. In the event IMC was awarded a contract that called for the provision of Weldon's software, the parties agreed that they would attempt to negotiate an appropriate subcontract. Regarding proposals to the United States Air Force, the Agreement required IMC to communicate with the Air Force and Weldon to provide any necessary technical information. The Agreement further provided that unless they agreed differently in subcontract negotiations, both parties would be responsible for their own expenses.

This case arises out of IMC's presentation of Weldon's software to the Air Force as part of its Air Expeditionary Wing Analysis System (AEWAS). AEWAS is a software system that provides

2

training for Air Force personnel as well as detailed unit-level analysis of Air Force operations. A concept paper that IMC and Air Force personnel jointly prepared named Weldon's software as one of two possible means for providing the unit-level analysis. Although IMC was eventually awarded the Air Force contract, the contract did not call for the use of Weldon's software. IMC therefore did not attempt to negotiate any subcontract with Weldon.

Weldon subsequently filed this suit against IMC alleging that IMC had failed to meet its obligations under the Agreement. The district court dismissed four of Weldon's original seven claims at the pleadings stage. After discovery was concluded, the district court granted IMC's motion for summary judgment on Weldon's remaining claims for breach of contract, quantum meruit, and misappropriation of trade secrets.

## II.

Weldon first argues that the district court erred in granting summary judgment against him on his breach of contract claim. We disagree.

Weldon asserts that IMC breached the Agreement by failing to award him a subcontract after receiving the Air Force contract. However, under the terms of the Agreement, IMC had no obligation to even negotiate with Weldon because the Air Force contract did not call for Weldon's software. Moreover, even if the Air Force contract had called for use of Weldon's software, the Agreement

3

specifies no scope of work, price, or duration for any resulting subcontract; rather, it is merely an agreement to negotiate. Such indefiniteness precludes a successful breach of contract claim alleging IMC's improper failure to award a subcontract. See W.J. Schafer Assocs. v. Cordant, Inc., 493 S.E.2d 512, 515 (Va. 1997).

                                III.

Weldon also argues that the district court erred in granting summary judgment against him on his quantum meruit claim seeking payment for benefits he conferred upon IMC in preparing and submitting the Air Force contract proposal. Again, we disagree.

Weldon's quantum meruit claim fails as a matter of law because the Agreement requires each party to bear its own costs and expenses related to the preparation and submission of proposals:

> Each party shall bear all costs, risks, and liabilities incurred by it from the discharge of its obligations and efforts under this agreement during the pre-proposal and proposal period. This period is defined as the period up to an award of a prime contract.... Neither party shall have any right to reimbursement, payment, or compensation of any kind from the other party during the period to the award of a contract....

J.A. 34-35 (emphasis added). Although the Agreement is not sufficiently definite to support a claim for IMC's failure to award Weldon a subcontract, nothing prevents the enforcement of the requirement that each party bear its own costs. See Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489,

4

491 (4th Cir. 1992) (holding under Virginia law that "[o]ne cannot obtain quantum meruit relief from another if he has expressly delineated the contractual obligations the two will have on the subject in question"). In any event, the mere existence of the parties' agreement to bear their own costs makes unreasonable any expectation that Weldon may have had that he would be reimbursed for expenses he incurred in performance of the Agreement. See id. (holding that to establish quantum meruit liability under Virginia law, a plaintiff must have had a reasonable expectation of receiving payment, and the defendant must have reasonably expected to pay).

## IV.

In sum, the district court properly granted summary judgment against Weldon.

AFFIRMED

5